Good morning, Your Honors. May it please the Court, my name is Lauren Cochran for the appellant Clifton Whidbee. I'd like to reserve two minutes, if I can, and I will keep an eye on the clock. This is a pretty straightforward question. In this particular case, as you saw, the record is rather light, but it's a question that has not yet, to my knowledge, been decided by the Ninth Circuit. It has been decided in a myriad of different ways by various courts, but the central question is, is the rule that there is a temporal restriction on the application of state laws governing service of process, such that once a case has been removed to federal court, state law governing service of process can no longer be applied, even to activity that occurred prior to removal? Or, as the District Court ruled in this case, do state service laws still apply after removal, as Judge Layton ruled in this case? Let me rephrase the question slightly and see if you can help me. Yes, Your Honor. Do you agree that the statute of limitations in this case expired before the case was removed? Before it was actually removed? Yes. Yes, Your Honor, I have to. Yeah, I think you do, too. Yeah. I don't find the case law in conflict on that issue. I'm not sure this circuit's ever spoken to it, but at least two other circuits have said removal doesn't revive a case that was time-barred before removal. How do you deal with that? Well, I look at the approach that was taken in Baumeister, the New Mexico case, and I look at the court in Lawrence v. Hanson, which is the Western District of Virginia. Aren't those cases slightly different? I think I agree with the general proposition that if the case isn't time-barred on the date of removal, then 1448 and 4M apply and you have 120 days to serve. But I don't think any of those cases dealt with a case in which the suit was time-barred under State law on the date of removal. That's the difficulty I'm having. And my understanding is Lawrence v. Hanson was. And I would agree with the court's reading regarding Baumeister. There was some generalities as to whether or not the New Mexico law there had an open-ended service question, so that if you were reasonably diligent in trying to serve, that the court could look at that and find that there was substantial compliance. Counsel, here's my, maybe a different way of phrasing this same question that Judge Hurwitz has been getting at. And that is the following. In January of 2014, after January 8th, the defendants could have simply moved to dismiss the complaint in State court. And they would have been successful because it was time-barred at that point. And I guess I'm searching for a rationale that would allow what to me is kind of an unusual decision not to do that, but instead to go to Federal court. I don't understand why that revives an otherwise dead complaint. Sure. Could you point to any language in particular in the statute that we're looking at, either State or Federal, that says the statute of limitation revives after removal? In the statute, Your Honor, are you talking about the State statute? Any State or Federal law that says statute of limitations that's run in State, because we say that State law governs the statute of limitations, is revived upon removal. Just any statute or rule that says that. I don't have a specific statute or language that says that. But it's taken in the same context that was in Baumeister and in Lawrence v. Hansen. And if I — if the Court will allow me, the idea is if the defendants had a valid argument for dismissal based on insufficient State service, they could have moved the court for relief. Instead, defendants chose to exercise their right to remove the case to the Federal system. But that's service, not statute of limitations. Well — I mean, the statute of limitations is fully a matter of State law. And if it's run and you don't have an argument — so let's take another hypothetical. The statute of limitations seems to have run, but you have an argument, discovery or fraud or whatever it is, that it hasn't really run, that it was actually told for some period. Now the case is removed in your Federal court and you have an argument that the statute has not run. What happens then? Well, I'm not sure if this is on all fours with your scenario, but take this particular case where we know that there's actual notice to all the players involved. Now you're talking service. I'm talking about statute of limitations, not service. Right. And I guess what I would ask the Court to look at is the statute of limitations once this was removed would have allowed for substantial compliance, which is what State law does not. Statute of limitations doesn't have substantial compliance components. That's service of process. Well, yes, Your Honor. But the reason that service of process is a part of statute of limitations in this case is because the complaint was filed and in order — the complaint was filed a month and a half before the statute ran. But that doesn't commence it for statute of limitations purposes under Washington law. Did I get the state right? Yeah, you did. You did, Your Honor. No, I understand what you're saying, but I guess what I'm saying is if you take this to the Federal court, these are Federal claims, Section 1983 claims. If they were filed in Federal district court, then substantial compliance would be a part of it. Well, but the statute would have been told at the time of filing when they filed in Federal district court, correct? That's correct, Your Honor. And then we would have been dealing with whether there was sufficiency of process. Here under Washington law, the statute of limitations is not satisfied, it's not whatever the right wording is, until not only it's filed but served. And you agree that we adopt — that State law would govern up until — at least until the time of removal, right? Well, I — up until the time of removal, yes. So we're still stuck with the question, I think, that we've all asked in sort of different ways, which is that if the suit was time barred at the time of removal, what Federal law revives it? Well, 1448 — 28 U.S.C. 1448 says, look, once it is removed, we are on the Federal time clock, which includes — So the court — the district court could have gotten personal jurisdiction over the individuals under 1448, but that doesn't revive the statute of limitations, does it? Where does it say in 1448 that would revive the statute of limitations? Well, then we would have the 120 days to serve at that point. Why? You would have 120 days to serve process and to get for the district court to have personal jurisdiction over the defendants. I understand that. That's the plain language of 1448. But I don't see how that affects the State running of the statute of limitations. Well, and I guess I go back at that point to then you're looking at substantial compliance. The only reason that this would have — the statute of limitations would have run at the State level is because Washington State has a very strict service requirement. So the complaint is filed. Washington State has an absolute non-forgiveness, and that cannot be disputed. The case law in Washington State is very specific. It's onerous. It's onerous, the service requirements. Yeah. So once it was taken to Federal court, our argument is, along with, you know, Lawrence v. Hanson and Daumeister, as I've said over and over again, then we go into substantial compliance, and we look whether or not there has been service and — the complaint has been filed and service has been effected, at least for substantial compliance, which we argue was in this case. All of the decision-makers — But how can we look back? I mean, our decision in Levy v. Beaumont says the issue of the sufficiency of service of process prior to removal is strictly a State law issue. And so the service of process prior to removal was insufficient, and the statute of limitations ran. Isn't that the timeline we're dealing with? Well, unless you look at the plain language of Section 1448, which is that you are looking entirely at the Federal timeline at that point. I think we understand your position. Did you want to save a minute for a final — I'll save that last minute for any questions. Thank you, Your Honor. May it please the Court. Alicia Burton on behalf of Pierce County and Eugene Allen. Counsel, I'd like to begin with a question that has baffled me as I went through this case, and maybe you can help me. The — as I asked opposing counsel, it seems to me that in January or February or March of 2014, the defendants could have moved to dismiss the case in State court for running of the statute of limitations and would have been successful, as far as I can tell from this record. Is the decision not to do that, but instead to seek removal a waiver of the statute of limitations? It is not, Your Honor. It's well settled amongst this circuit and other circuits that by removing a defendant waives nothing and concedes nothing. It's simply a different forum to address what question could have been addressed at the State level. But I — it doesn't actually matter what the reasoning or point was, but it's just baffled me why this case was ever removed. As I say, it probably doesn't matter to the outcome, but it just — I really didn't understand why that would have been done. And that is Pierce County and Eugene Allen's position that for purposes of this appeal and the issue that's before this appeal, I guess the strategy behind removal to Federal court is the question of whether the statute of limitations had run. It had me scratching my head, though. It's always irrelevant, but I've always troubled or at least puzzled by why a subdivision of the State would remove a case to Federal court. But it's your call. Your Honor, I think you hit the nail on the head that the issue in this case is a statute of limitations issue, not a service of process issue. And ultimately, what this case needs to decide is whether 28 U.S.C. Section 1448 and a defendant's removal to Federal court revives an otherwise dead case and confers jurisdiction on a court that had none. Do we have any cases that deal with that in this circuit? I've found some from other circuits. No, Your Honor. Ninth Circuit has not addressed this particular issue. And the cases that the plaintiff relies on for the opposite proposition, in those cases, the underlying State case was not truly dead. For instance, he relies heavily on Ballmeister v. New Mexico. And in that case, the New Mexico statutes required service — I'm sorry, required filing of the complaint within the statute of limitations. But their service statute was nothing like Washington's. As he indicated, Washington's service statute is absolute — there is absolute non-forgiveness if you don't comply with the dates. Let me give you the same hypothetical I gave to the opposing counsel, which is, let's say that the case is removed, but Mr. Whidbey has an argument that the statute of limitations hasn't run because of the discovery rule or some other principles. What would happen then? Couldn't the court — couldn't he then serve process on Pierce County and then make these arguments in district court? Ultimately, that would be up to the Federal district court. That court, because service was attempted or there was some argument with reference to why service couldn't be completed, the Federal court would have to apply State law pursuant to Lee v. City of Beaumont. 1448, say, doesn't matter if it's defective or what the problem is. You can use Federal rules to serve process on the defendant. It does, but service of process is different than statute of limitations. Well, I'm saying, could the district court get personal jurisdiction over the defendants, the process could be served on them, and then a motion that the statute of limitations had run by Pierce County could be considered by the district court? Technically, yes. They could get the defendants before — or, I'm sorry, could get the defendants before the court to address the issue of whether service was sufficient at the State level applying Washington law to the analysis. Or it could be there might be some other reason that the statute of limitations hadn't run, such as it had been told for a period due to they didn't know or couldn't reasonably have discovered what the problem was, not with respect to service of process, but with respect to when the injury occurred. I mean, here, I guess it's pretty well known when it commenced. But say in a different case, if it wasn't known when it commenced, couldn't that argument play out before the district court? I think 1448 conceivably allows that. Isn't it exactly what happened here? No. Well, there was eventual service on your clients, right? Correct. And the district court, after that eventual service was effected, found that nonetheless the statute of limitations had run. Correct. So it's not — they didn't make an argument that it hadn't run for the reasons Judge Acuda posed, but that's precisely what happened here, isn't it? That the district court analyzed — The district court obtained jurisdiction over your clients. Analyzed the issue of whether the statute of limitations — And then analyzed the issue about whether the statute of limitations had run. Correct. Is that — did Mr. Whitby effectively serve process on — I thought that was in dispute on Pierce County, that — Correct. Pierce County disputes that there's been proper service on the county at all. It is undisputed, based on the table that I provided to you. Timely or proper? Didn't — Both untimely and improper. So even the service after removal, your belief is not — Correct. He was served — the county was served with a state summons post-removal. Okay. And Beecher v. Wallace is very clear that a state summons doesn't survive removal, and that it needs to be — I must tell you, if that were your only argument, I'd be fairly unsympathetic. The county's argument, and Eugene Allen's argument, is that 1448 does not revive an otherwise time-barred case. And as I indicated earlier, the cases that Plaintiff relies on are distinguishable on their facts. In all of the cases that he relies on, the cases were not truly dead at the state level because the service provisions had either reasonable diligence provisions that did not have a drop-dead date for service, as the Washington statute on service does. Could you discuss Lawrence? Lawrence v. Wallace is directly contrary to the Ninth Circuit's opinion in Lee v. City of Beaumont. Lawrence v. Hansen was a case where the court applied federal law to analyze service of process that occurred pre-removal. City of Beaumont has — Lee v. City of Beaumont, the Ninth Circuit in that case, has specifically rejected that approach and has said that, no, prior to removal, a court's going to analyze the sufficiency of service of process based on state law. Once removal is made, yes, they do analyze subsequent federal service of process under federal law. So in this case, the court needs to analyze the service on Eugene Allen pre-removal based on Washington state service laws. Post-removal is when service of the county occurred.  So, and I disagree that in Lawrence v. Hansen that that was a case where the underlying case was legally dead. That was a Virginia statute, and as the other cases show in Virginia, the service statutes allow a plaintiff to take a non-suit at any time up until a dispositive motion is filed, even if the service timelines have expired. So, again, you have a case that is not truly dead at the state level under Virginia law. So Lawrence v. Hansen is distinguishable on that case, as well as the fact that it stands for a proposition that the Ninth Circuit has specifically rejected. I would point out, and I indicated in my brief, that there are several policy arguments that also support the county and Eugene Allen's position in this case that 1448 does not revive an otherwise time-barred lawsuit. Obviously, the states have a, there is a purpose behind the statute of limitations and there is a support that Washington litigants can have finality in lawsuits. And that is the ---- Scalia, I must say, and maybe you recognize this by making this argument last. The policy arguments aren't particularly impressive in a case where the county and the defendant knew about the lawsuit. The process was, I take it, your component doesn't dispute this, was served on the wrong party. I disagree, Your Honor. Well, I thought the record indicated that this was passed on to the county attorney. But I disagree that Eugene Allen had notice of this lawsuit prior to the statute of limitations. The county certainly did. The county certainly did. Eugene Allen is a retired Pierce County sheriff's deputy. But you're making policy arguments on behalf of the state seeking repose on claims against it. And it seems to me there shouldn't have been much repose after it was served on the wrong party. You knew there was a lawsuit out there. But if Your Honors are looking at 1448 and issuing an opinion that analyzes that and the issue before this, which is whether that statute in any case revives a time-barred lawsuit, I think Your Honors have to consider that the State's interest in having finality of litigation, and that it is the State's interest that sets the statute of limitations. And this goes back to the policies underlying the doctrines of Erie and Hanna v. Plummer, that Federal courts need to be respectful of the State law, particularly in this statute of limitations. Let me ask you one more question. If you had removed the case before the State's statute of limitations had run, do you agree that then under 1448, the plaintiff would have had 120 days to serve to control the statute? I agree. Okay. Thank you, Your Honors. Thank you, Counsel. You have some rebuttal time remaining. Thank you, Your Honors. I want to touch on that policy argument. What we're looking at right here is the epitome of form over substance. And, Your Honor, you hit on all of the most important parts of this particular case, at least. Yes, but how do I get past the form? Well, again, if the State process ends at the point of removal and the Federal court takes over, it's our argument that at that point, substantial compliance with service of process is in effect. And they cannot argue that they didn't have substantial compliance. Well before the statute of limitations ran, Mr. Whidbey filed his tort claim form in State court. He served the county, not properly, but he served the county through its risk manager. The record clearly shows that the prosecuting attorney received it and the Sheriff's office received it, and then they laid in wait. They laid in wait until the statute of limitations ran. They were well past the point that it ran. Then they removed from Federal court. Form over substance just shouldn't be the policy that we are pursuing in this particular case. And I'm over time. Thank you. Thank you, Counsel. The case just argued is submitted and we appreciate the helpful comments from both of you.
judges: Graber, Ikuta, Hurwitz